**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

EVERARDO SANDOVAL ROMO,      )
                                              )

          Petitioner,          )
                                              )

v.                                  )        Case No. CIV-26-971-J
                                              )

MARKWAYNE MULLIN, et al.,     )
                                              )

          Respondents.      )

**ORDER**

Petitioner Everardo Sandoval Romo, a citizen of Mexico, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield who issued a Report and Recommendation [Doc. No. 10] recommending that the Court grant the Petition in part by ordering Respondents to provide Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days, at which Respondents bear the burden of proof, by clear and convincing evidence that Petitioner is a flight risk or danger to the community, or otherwise release Petitioner if he has not received a lawful bond hearing within that period. Respondents filed a timely Objection [Doc. No. 11], triggering de novo review, *see* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner is a citizen of Mexico who entered the United States on or about October 26, 2009, without inspection. On April 9, 2023, ICE instituted removal proceedings against him by issuing a Notice to Appear, alleging he was an alien present in the United States who had not been admitted or paroled, and on the same date, he was released on his own recognizance. On or about February 8, 2024, Petitioner filed an E-42B, Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents. On April 10, 2026, Petitioner was

taken into custody at a routine ICE check-in pursuant to a United States Department of Homeland Security Warrant for Arrest of Alien.

Respondents object to Judge Maxfield's conclusion that § 1226(a) controls Petitioner's detention. Respondents contend that § 1225(b) controls because Petitioner is an applicant for admission and that section unambiguously requires all applicants for admission to be subject to mandatory detention. *See* Obj. at 1-2. Although employing a de novo review, the Court declines to engage in lengthy analysis here.[1] This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See Ramirez v. Johnson*, No. CIV-26-426-J, 2026 WL 1683139, at *1 (W.D. Okla. June 10, 2026); *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases). Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents further assert that if the Court adopts its prior statutory reasoning, it need not consider Petitioner's due process claim. The Court agrees. Because the Court's finding that Respondents violated the Immigration and Nationality Act results in the same relief that is requested through Petitioner's due process claim, the Court finds there is no need to address Petitioner's due process claim.

Finally, with respect to Judge Maxfield's conclusion that "at [Petitioner's] bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner

---

[1] "[N]either 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). Indeed, the circuit court has upheld district court orders which "merely repeated the language of § 636(b)(1) to indicate its [de novo] compliance." In re Griego, 64 F.3d 580, 584 (10th Cir. 1995) ("[I]t is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.").

is a flight risk and/or a danger to the community in order to justify continued detention", *see* [Doc. No. 10] at 23, the Court finds that this issue is premature and not fit for adjudication at this stage. A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985) (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)).  At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework.  Accordingly, the Court declines to issue an advisory opinion instructing the Immigration Judge to apply a particular burden of proof.  *See Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023) (declining to prospectively order Immigration Judge to adhere to specific burden of proof at bond hearing); *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 963 (D. Minn. 2019).

Accordingly, the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondents violated the Immigration and Nationality Act.  The Court, therefore, ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received the hearing within that period.  Respondents shall certify compliance within ten (10) days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 16th day of June, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

3